## Lloyd v. Noakes, Appellant.

Argued March 5, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John M. McCourt,* of *Knapp, O'Malley, Hill & Harris,* for appellant.

*Clarence J. Wing,* and with him *R. L. Levy,* for appellee.

Opinion by Linn, J., April 10, 1929:

Plaintiff was injured by appellant's negligent driv-

ing of an automobile in which plaintiff and his family were traveling as appellant's guests. Plaintiff, who is defendant's son-in-law, intended to drive his family in his own car to a stated place, when defendant, with whom plaintiff lived, said, "Well here now, you will be crowded in there, and I am going out for a ride anyway, come down and I will drive you down." The parties were therefore not engaged in a joint enterprise: Dunlap v. P. R. T. Co., 248 Pa. 130, 133; Hoffman v. P. & L. E. R. R. Co., 278 Pa. 246, 248; Alperdt v. Paige, 292 Pa. 1, 6; nor did they stand in the relation of principal and agent, or master and servant; Hepps v. B. & L. E. R. R. Co., 284 Pa. 479, 481. The accident occurred at an active highway intersection on a Sunday in May.

Defendant was not a licensed driver but had a learner's permit issued under the amending Act of April 27, 1925, P. L. 254. Section 7, P. L. 268, provides "No person shall operate a motor vehicle ...... upon any public highway ...... until he shall have obtained ...... a license or permit for such purpose; provided any person sixteen years of age ...... may operate a motor vehicle ...... with a learner's permit while under the instruction of and accompanied by a Pennsylvania licensed operator who shall have full control of the motor vehicle......as provided by law......" A learner's permit is defined in section 2 as a "permit issued to any person to learn to operate any motor vehicle when accompanied by a licensed operator." Plaintiff was a licensed operator and sat with a two year old child on his lap on the front seat beside defendant driver.

Appellant contends that a verdict for him should have been directed on the ground that it was contributory negligence on the part of the plaintiff, with knowledge of the fact, to travel in the same car with a driver qualified only with a learner's permit, asserting that the plaintiff did not have "full control of the

motor vehicle ...... as provided by law.'' The trip was not made for the purpose of instruction.

On the other hand, plaintiff contends that defendant, though not a licensed driver, was competent to operate the car, or that in any event, his incompetence was not so obvious as to make one riding with him guilty of contributory negligence in merely becoming his guest. Defendant had purchased this car in the preceding August and had been driving it from about September; ''two or three evenings a week he would go out for two or three hours with it;'' he drove it on several quite long trips; plaintiff's ''wife had been [driving] with him a lot.'' Plaintiff (and defendant's son, Lawrence) had instructed defendant in driving and therefore plaintiff had knowledge of his capacity —such as it was—to drive; defendant also had some instruction and experience in driving plaintiff's Ford car.

The statute provides a penalty for its violation but does not outlaw the driver, still less his guest: Scorsoni v. Pittsburgh P. & P. Co., 272 Pa. 253; Yeager v. Winton Co., 53 Pa. Superior Ct. 202; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Williams v. D'Amico, ·78 Pa. Superior Ct. 575. The purpose of requiring a license is to secure competent drivers; failure to obtain a license is not conclusive of incompetence, (compare Bourne v. Whitman, 209 Mass. 155), though it is some evidence to go to the jury with other evidence on the same subject if the inquiry is whether the driver was competent or not: Stubbs v. Edwards, 260 Pa. 75, 78; see also, Siglin v. Haiges (this day decided). On this record the evidence of defendant's competence to drive and whether he drove negligently was for the jury. As the parties were not engaged in a joint enterprise, and were not principal and agent, nor master and servant, the negligence of the driver is not imputable to the plaintiff (compare Zandras v. Moffett, 286

Pa. 477), nor do the facts bring the case within the principle applied in Alperdt v. Paige, supra, in which the person riding on the same seat with the driver saw all that he saw and "impliedly consented to the driver's proceeding [when he should have stopped] thus joining in the risk of making the crossing in advance of defendant's car, legally possessed of the right of way," which caused the collision.

If a guest, knowing the driver to be incompetent and not qualified to drive, is injured by a driver's negligence, contributory negligence may be declared as matter of law. But if the guest neither knew nor should have known of the driver's incompetence, if his ability to drive appears sufficient to induce a reasonably prudent man to consider him competent, the court cannot declare the guest to be guilty of contributory negligence in riding with him. If the facts are in dispute, the evidence should be submitted to the jury to find them with proper instructions. The court below was therefore correct in refusing to give binding instructions or, subsequently, to enter judgment n. o. v.

But there was error in the charge on contributory negligence. The court instructed the jury that "if you find that it was reckless for the plaintiffs to entrust themselves to the car of the defendant that day, that it was a reckless act on their part, they would be guilty of what is called contributory negligence and they could not recover ......" While recklessness bars recovery, just as contributory negligence does, under that instruction, defendant, though negligent, would escape a verdict, if plaintiff's conduct in risking the trip was negligent, but did not rise to the degree of recklessness. Recklessness implies conscious appreciation of the probable extent of danger or risk incident to contemplated action, while negligence in the legal sense implies knowledge only of a probable source of danger

in the act. The verdict, in effect, means that the jury concluded that plaintiff was not reckless, but may nevertheless have done what the ordinary, prudent man would not have done as respects driving with defendant, contributory negligence being something less than recklessness. Under proper instructions the jury might have found plaintiff guilty of contributory negligence though it would not find him guilty of reckless conduct in taking this drive; recklessness and contributory negligence are not synonyms in our law. If plaintiff failed to exercise that care which the prudent man in the circumstances would have exercised in risking himself with this defendant, defendant would be relieved from liability. The instruction that the jury must find that plaintiff was reckless in traveling as defendant's guest, imposed a heavier burden on defendant than the law authorized, the proper test being absence of ordinary care and not the presence of recklessness. As that phase of the case was not properly submitted to the jury, the judgment is reversed and a new trial awarded.