Crow *v.* Deems, Appellant.

Argued November 9, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Francis H. Patrono,* for appellant.

*H. Russell Stahlman,* with him *Stahlman & Carson,* for appellee.

PER CURIAM, January 14, 1949:
Appellee was struck and injured by appellant's automobile on January 10, 1946. Her injuries were severe; she was obliged to remain in the hospital for ten days; and thereafter she was confined to bed at home until March 19, 1946. She was not able to resume her em-

ployment until April 8, 1946. Appellee sustained a hematoma of the right leg below the knee, and other injuries. At the trial appellant's liability was admitted; and he endeavored to minimize the extent of appellee's injuries and disability. The jury returned a verdict of $900 in favor of appellee. The court subsequently, on appellee's motion, set aside the verdict and granted a new trial upon the ground that the verdict was inadequate. The court in its opinion said: "The jury may have been confused in this case by reason of the congenital defect in the plaintiff's [appellee's] backbone, and the inciting of her latent arthritic condition." From the order granting a new trial, this appeal has been taken.

It is well established that when a court grants a new trial on the ground of inadequacy of the verdict an appellate court, in the absence of a gross abuse of discretion, will not interfere. *Goodman & Theise, Inc., v. Scranton Spring-Brook Water Service Co.,* 352 Pa. 488, 494, 43 A. 2d 111; *Olson v. Swain,* 163 Pa. Superior Ct. 101, 60 A. 2d 548.

We are of the opinion that the court below did not abuse its discretion in setting aside the verdict of $900 and granting a new trial where the evidence established that appellee's expenses and loss of earnings amounted to $2,171.13, and that the probable future medical expenses would be $784.55 per year until complete recovery. The present situation is somewhat similar to that in *Pretka v. Wilson,* 325 Pa. 491, 190 A. 722, where the Supreme Court affirmed an order setting aside a verdict of $2,750 and granting a new trial. In that case the plaintiff suffered from traumatic arthritis resulting from injuries received in an automobile accident, and the actual expense and loss incurred totaled $1,581.95, without considering probable future expenses. The Supreme Court said (page 492 of 325 Pa., page 723 of 190 A.) : "Appellant insists that the granting of a new trial was an abuse of discretion in that the trial

judge substituted his judgment for that of the jury upon the matter of damages. In Schwartz v. Jaffe, 324 Pa. 324, 188 A. 295, an analogous case, we said: "The power to set aside a verdict on the ground of inadequacy may be exercised whenever it appears to the court below that the amount is patently insufficient; an appellate court will not interfere [with] its exercise of discretion [. . .] unless a gross abuse appears.' "

No abuse of discretion appears in the present case; on the record the grant of a new trial was fully warranted.

Order is affirmed.