Barker et al., *v.* Reedy, Appellant.

Argued April 17, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Kim Darragh,* for appellant.

*Edward O. Spotts, Jr.,* with him *Irving Sikov,* for appellees.

OPINION BY ROSS, J., July 20, 1950:

This is an action of trespass to recover for injuries sustained by Jean E. Barker and her minor daughter, Bonnie Jean, while riding as guests and passengers in a car owned and operated by the defendant. The accident happened when the defendant, after backing her car into the road, attempted to go forward, and so operated the vehicle that it came into contact with a post of the guard rail of that road. As a result of the collision of vehicle and guard rail the Barkers, who were riding in the back seat of the car, were thrown forward and suffered personal injuries. After trial, the jury awarded a verdict of $500.00 to Jean E. Barker, plaintiff; a verdict of $1,000.00 to Thomas C. Barker, her husband; and nothing to Bonnie Jean Barker, minor plaintiff. Defendant moved for judgment n. o. v., and plaintiff moved for a new trial. The court below refused the motion for judgment n. o. v., and granted the plaintiffs' motion for a new trial because of inade-

quacy of the verdict. The defendant took this appeal from the refusal of his motion and the granting of the plaintiffs'.

Some years before the accident involved in this case, the defendant had a driver's license issued by the Commonwealth but had allowed it to lapse in 1928. At the time of this accident, November 6, 1947, she was operating her automobile on a learner's permit, having failed three times during the preceding few weeks to pass an examination to secure a driver's license. It was known to the passengers in the car that the defendant had failed to pass the formal examination required for the issuance of a driver's license but Mrs. Barker testified that she did not know "why she had failed her test".

In support of her motion for judgment n. o. v., the defendant contends that because the passengers in the car rode with a driver who, to their knowledge, had failed to secure a driver's license, they are barred from recovery. In other words, that they knew or should have known, that she was an incompetent driver.

In *Lloyd v. Noakes,* 96 Pa. Superior Ct. 164, at page 167, we stated: "The purpose of requiring a license is to secure competent drivers; failure to obtain a license is not conclusive of incompetence, . . . though it is some evidence to go to the jury with other evidence on the same subject if the inquiry is whether the driver was competent or not." Cf. *Chamberlain v. Riddle,* 155 Pa. Superior Ct. 507, 38 A. 2d 521.

In this case, aside from the fact that the defendant had failed to pass the various examinations, there is nothing in the record from which a *jury* could infer that she was an incompetent driver and known to be such by the passengers in her car. On the contrary, there is evidence that she *was* a competent driver. A

Miss Coulter, who was also a passenger in the car and had ridden with the defendant many times, testified as follows: "Q. During the two months that you had ridden with her, will you tell this Court and jury how she had driven? A. She drove well for anyone that was learning, was competent; I mean, we had no trouble any other time", and that "she drove competently, as much as I could judge". Mrs. Barker, who also had ridden almost daily with the defendant during the two months preceding the accident, testified that the defendant had never given her "any other scares". When she testified at the trial of the case, the defendant considered herself to be a competent driver, as evidenced by the following: "Q. Well, you felt capable of driving that car, didn't you? A. Yes . . . Q. You wouldn't have gone up to Butler on three occasions to take the test if you didn't feel you were capable of passing it? A. No. Q. It just so happened you either got excited or didn't do it the way he told you? A. Didn't do it as he told me to. Q. In other words, if you hadn't had every confidence in your ability to pass that test you wouldn't have gone up on that occasion; you would have waited until you felt you could have passed that test; isn't that right? A. Yes."

In *Lloyd v. Noakes,* 96 Pa. Superior Ct. 164, supra, at page 168, we stated: "If a guest, knowing the driver to be incompetent and not qualified to drive, is injured by a driver's negligence, contributory negligence may be declared as matter of law. But if the guest neither knew nor should have known of the driver's incompetence, if his ability to drive appears sufficient to induce a reasonably prudent man to consider him competent, the court cannot declare the guest to be guilty of contributory negligence in riding with him. If the facts are in dispute, the evidence should be submitted to the jury to find them with proper instructions." In this case, the issues of the defendant's com-

petence as a driver, her negligence and the negligence of the passengers in riding with the defendant were submitted to the jury under proper instructions, and by its verdict the jury resolved the issues in favor of the plaintiffs. Consequently, as in the *Noakes* case, the learned court below did not err in refusing defendant's motion for judgment n. o. v.

The court below granted a new trial on the ground that the verdicts "are grossly inadequate in view of the evidence in the case". It is in evidence that Mrs. Barker suffered injuries to her hand, wrist and knee because of the accident. She also had a brain concussion which resulted in a post-concussional syndrome; the hearing of her right ear was affected, she suffered from blackouts and she lacked ability to remember. She underwent an operation on her brain in an effort to be relieved of headaches which she suffered after the accident; the operation provided but temporary relief, and according to the medical testimony, the headaches would be of a permanent nature. As a result of his wife's injuries the husband-plaintiff had expended to the time of trial, September 26, 1949, approximately $765.00 for medical and hospital services and domestic help. Although the minor daughter, Bonnie Jean, sustained lacerations and abrasions about the face, the jury awarded her nothing.

"The power to set aside a verdict on the ground of inadequacy may be exercised whenever it appears to the court below that the amount is patently insufficient; an appellate court will not interfere with its exercise of discretion in this matter unless a gross abuse appears." *Schwartz v. Jaffe,* 324 Pa. 324, 327, 188 A. 295. Cf. *Pretka v. Wilson,* 325 Pa. 491, 190 A. 722; *Goodman & Theise, Inc., v. Scranton Spring-Brook Water Service Co.,* 352 Pa. 488, 43 A. 2d 111; *Crow v. Deems,* 163 Pa. Superior Ct. 591, 63 A. 119.

Our examination of the record in this case discloses no "gross abuse of discretion" by the court below in granting a new trial on the ground of inadequacy of the verdicts.

Orders affirmed.