Hartz *v.* Bernot et al., Appellants.

*Thomas S. White,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellants.

*Frederick J. Francis,* with him *Meyer, Unkovic & Scott,* for appellee.

OPINION PER CURIAM, June 21, 1973:

The order granting a new trial is modified with direction to grant a new trial generally on all issues, and as modified, is affirmed.

———

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

Appellants contend that the trial judge erred in granting appellees a new trial limited to damages. They argue that either the jury verdict should stand as entered, or that they are entitled to a new trial generally.

On February 21, 1968, while appellee, Joseph Hartz, was stopped in traffic on Banksville Road, in the City of Pittsburgh, his vehicle was struck by a City police car driven by the appellant, Ronald S. Bernot. The evidence adduced at trial indicated that the police car, traveling in the opposite direction, went out of control rounding a curve in the road, crossed the medial barrier, and struck appellees' vehicle. It was admitted that Bernot had been traveling well in excess of the speed limit at the instant he lost control. He testified that he had been chasing an allegedly stolen automobile. In the damage portion of the case, appellee's physician testified that as a result of the accident, Mr. Hartz suffered a herniated cervical disc which required surgery. Undisputed wage loss was determined to be in the amount of $1,140.00. Medical bills were introduced into evidence, without objection or opposition, in the amount of $1,820.80.

The trial judge fully and fairly charged the jury as to the applicable law.[1] The jury then returned a verdict in favor of the husband-plaintiff in the amount of $3,000.00, and in favor of the wife-plaintiff in the amount of $325.00. Plaintiffs filed post-trial motions alleging inadequacy of the verdict. Defendants did not file post-trial motions, nor did they raise any grounds for reversal at argument. The trial court granted plaintiff's motion for a new trial limited to damages. This appeal followed.

After reviewing the evidence, I see no reason why the matter should be remanded for a new trial generally. There was clearly sufficient evidence to justify the jury's finding that defendants were liable in the operation of the police car. There was, moreover, no evidence or contention that appellees were guilty of contributory negligence. I would sustain the trial court's order affirming the verdict of the jury on the question of liability.

I concur in the action of the Majority of this Court in affirming the order of the trial court reversing the verdict of the jury on the question of damages. Our appellate courts have often said that they would "not reverse the grant of a new trial unless (1) there was a clear abuse of discretion or (2) an error of law which controlled the outcome of the case, and the error is the sole reason for granting a new trial." *Segriff v. Johnston,* 402 Pa. 109, 114, 166 A. 2d 496 (1960); *Crow v. Deems,* 163 Pa. Superior Ct. 591, 63 A. 2d 119 (1949).

---

[1] The charge of the Court was not objected to by appellants. A review of the charge discloses a fair and adequate instruction on the standard of care regarding a police officer acting within the scope of his employment, i.e., that liability may attach only upon a determination that conduct reflected a wanton and reckless disregard of human life. While the police officer testified he was pursuing a stolen vehicle, it was within the province of the jury to either disbelieve the officer's story altogether or believe that he had acted wantonly and recklessly.

There is no mandate requiring a trial court to reverse a jury verdict generally, where liability was fairly and adequately established. In sustaining the trial court's granting of a new trial limited to damages, our Supreme Court in *Troncatti v. Smereczniak*, 428 Pa. 7, 10, 235 A. 2d 345 (1967), said: "This is completely devoid of merit [a contention that a new trial should be granted generally] since there was ample evidence to sustain a verdict in favor of the plaintiff.[2] Under such circumstances, it was not an abuse of discretion for the trial court to order a limited new trial."

Total special damages in the instant case amounted to $2,960.80. The jury verdict was in the amount of $3,000.00. Considering the right of a plaintiff to a pain and suffering award, it cannot be concluded that the trial court clearly abused its discretion in granting a new trial.

I concur in the affirmance of the lower court's order granting a new trial limited to damages, and dissent from the majority's decision to reverse and remand the case for a new trial on liability.

---

"[2] The plaintiff testified and his testimony was corroborated by other witnesses that he was struck by defendant's automobile while he was standing completely off the concrete portion of the highway."