Rogers et al., Appellants, *v.* Hammett.

Argued March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*H. Sher,* with him *Marvin W. Factor,* and *Weinstein & Factor,* for appellants.

*Malcolm H. Waldron, Jr.,* with him *Barry J. Goldstein,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

The sole issue on appeal is whether the appellants are entitled to a new trial on the basis of an inadequate damage award.

The lower court action arose out of an automobile accident which occurred on January 25, 1964. The appellants herein were plaintiff-passengers in an automobile struck in the rear by the defendant's vehicle. The jury found in favor of the plaintiffs, specifically award-

ing Ophelia Baker, $725.00, and Corinne Rogers, $170.00.

There is no contention that the trial court erred in any phase of the trial nor in its instructions to the jury on damages. Appellants simply argue that, in view of their stated special damages as supported by testimony of the treating physician, the verdicts were patently inadequate.

Ophelia Baker introduced medicals of $165.00 and $416.00 of lost wages; Corinne Rogers offered medical bills of $165.00. Both appellants saw the same physician who diagnosed that each had suffered acute myofascitis, lumbosacral strain, and anxiety. The alleged treatments began on the same day, and both appellants were discharged on the same day by the physician. The treating physician had no records of the visits, though he stated that he kept the records of accident patients separate from regular patients. While the appellants denied that any X-rays were taken in connection with the alleged injuries, Doctor Myrie testified that the patients' X-rays had been negative. Furthermore, while Corinne Rogers said she did not miss any time from work, Dr. Myrie testified that both patients lost significant periods of time from their employment as a result of pain and discomfort associated with their injuries.

A trial judge who refuses to grant a new trial may only be overturned in his decision if he has abused his discretion, and in the case of allegedly inadequate verdicts, we will not reverse the lower court unless said verdicts "shock the conscience" of the Court. *Daccorso v. George F. Otto Corp.*, 397 Pa. 328, 155 A. 2d 199 (1959); *Coleman v. Pittsburgh Coal Co.*, 158 Pa. Superior Ct. 81, 43 A. 2d 540 (1945).

As this Court has long stated the law to be, neither a jury nor a judge who sees and hears the witnesses has to believe everything or indeed anything that a plaintiff (or defendant) or his doctor or his witnesses

say even though their testimony is uncontradicted. *Kirby v. Carlisle*, 178 Pa. Superior Ct. 389, 116 A. 2d 220 (1955). See also, *Pennsylvania Insurance Dept. v. Johnson*, 211 Pa. Superior Ct. 138, 142, 238 A. 2d 23 (1967). In the instant case, it was totally within the province of the jury, which has as an exclusive duty to resolve all questions of credibility, to disbelieve all or part of the testimony of the plaintiffs and their witnesses, and to thereafter compromise the verdict or so set that amount which it determined would compensate the plaintiffs for their loss. See, e.g., *Raffaele v. Andrews*, 197 Pa. Superior Ct. 368, 371, 178 A. 2d 847 (1962) (wherein this Court affirmed the verdict of the jury which reflected the exact amount of out-of-pocket expenses of the plaintiff, making no award for pain and suffering or other alleged consequential damages) ; *Hartz v. Bernot*, 224 Pa. Superior Ct. 540, 307 A. 2d 49 (1973). Faced with the inconsistencies and contradictions of the witnesses called by the plaintiffs in their cases-in-chief, the jury was justified in discounting a major portion of the appellants' alleged damages suffered as a result of the accident with the defendant.

Order affirmed.