## Yeagley v. Metropolitan Edison Co.

682

*Robert I. Cottom,* for defendant.
*Joseph P. Hafer,* for additional defendants.

GATES, *P.J.,* May 13, 1980—Frederick A. Yeagley, decedent, was killed in a job related accident while working on a metal outrigger of a crane when its boom came in contact with an overhead high voltage transmission line owned by Metropolitan Edison Company (Met Ed). His personal representative instituted this action in trespass and assumpsit against Met Ed and the Unit Crane and Shovel Corporation. Met Ed in turn joined a fellow worker, William Harter, and Cleaver-Brooks, decedent's employer, as additional defendants, alleging that it was the sole or joint negligence of the additional defendants which caused plaintiff's death.

Thereafter, the additional defendants demurred, arguing that, as decedent's employer and fellow employe, they are immune from suit under section 303(b) of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended December 5, 1974, P.L. 782, 77 P.S. §481(b).

On the other hand we have the contention of Met. Ed that unless all potentially responsible persons are joined in one action under the Pennsylvania comparative negligence act, 42 Pa.C.S.A. §7102, a jury will not be able to fairly apportion the proper percentage of causal negligence, if any, attributable to it and the various other tortfeasors.

All other bases for the preliminary objections of the additional defendants have been resolved by agreement and stipulation.

It is, of course, the law in Pennsylvania that an employe covered by the Workmen's Compensation Act forfeits his common law rights to recover against his employer or fellow employe in trespass for injuries suffered during the course of his employment: Hinton v. Waste Techniques Corp., 243 Pa. Superior Ct. 189, 364 A. 2d 724 (1976); Flanders v. Hoy, 230 Pa. Superior Ct. 322, 326 A. 2d 492 (1974).

The 1974 amendment to the Workmen's Compensation Act, supra, provides in pertinent part:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Instantly we note that, literally read, the legislature has rendered the employer not liable to a third party for damages, contributions or indemnity in any action at law. It is to be noted that Met Ed does not claim damages, contribution or indemnity from the additional defendants Harter and Cleaver-Brooks. Met Ed's concern is the perplexing aspects of the Pennsylvania comparative negligence act and its effect upon multiple defendants in apportioning the percentage of negligent liability of each defendant. While the amendment to the Workmen's Compensation Act may absolve an employer of liability to a third person for damages, contribution or indemnity, it does not specifically state that an employer or co-employe may not be joined as an additional defendant.

The Pennsylvania comparative negligence act, supra, in its entirety reads:

"(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

"(b) Recovery against joint defendant; contribution.—Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount to his causal negligence to the amount of causal negligence attributed to all defendants against whom

recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution."

Since we are writing an opinion and not a critique of the Pennsylvania comparative negligence act we shall attempt to be as simplistic as the legislature apparently believes the concept of comparative negligence deserves. Anyone interested in an extensive criticism of this vague bit of legislation can find it in numerous articles and law reviews. See Timby, Comparative Negligence, 48 Pa. B.A.Q. 219 (1977); Symposium: Comparative Negligence in Pennsylvania, 24 Vill. L. Rev. 494 (1979). Each of these critiques is laced with citations to other law review articles, court cases and statutes of our sister states. These perplexing problems ought to have been anticipated by a legislature rather than, in two paragraphs, attempting to rescind the centuries of law on the subject of contributory negligence.

The history of the doctrine of contributory negligence has been tarnished by professorial concern that it is "the harshest doctrine known to the common law of the nineteenth century." Green, Illinois Negligence Law, 39 Ill. L. Rev. 36, 36 (1944). The fact that plaintiff's own negligence, however slight, barred recovery was considered by many scholars as inequitable. Philosophically, they are probably correct. However, one does not have to be around the courtroom long to learn that juries often compromise their verdict and award a slightly negligent plaintiff less damages than they would have awarded had plaintiff been blameless, despite the instructions on contributory negligence to the con-

trary. Compromise verdicts have been accepted and acknowledged by our appellate courts even before the salvational entry of comparative negligence: Hevener v. Reilly, 266 Pa. Superior Ct. 386, 404 A. 2d 1343 (1979); Black v. Ritchey, 432 Pa. 366, 248 A. 2d 771 (1968); Rogers v. Hammett, 229 Pa. Superior Ct. 6, 323 A. 2d 394 (1974).

The Pennsylvania comparative negligence act is a modified form of comparative negligence. It really does not abolish the defense of contributory negligence, but simply operates to reduce plaintiff's damages proportionately where his or her negligence was not greater than the causal negligence of defendant or defendants. Where, however, plaintiff's negligence is greater than the causal negligence of defendant or defendants, plaintiff's claim is barred. Almost insurmountable problems arise when we consider the issue of against whom is plaintiff's negligence compared.[1] It would appear that, under the act, the jury should compare the negligence of all potentially responsible persons in arriving at its verdict. We reject the argument that the plain reading of the statute requires plaintiff's negligence to be compared only against defendant or defendants whom plaintiff selects to recover from. Comparing negligence and recovering damages are quite different concepts. Such an argument would dispense with the right of defendants to join additional defendants who may be solely or

1. Suppose plaintiff's negligence is ten percent; defendant's is 20 percent, and defendant-2's is 70 percent. Defendant-1 would owe plaintiff 10 percent. If defendant-1 is precluded from joining defendant-2 as an additional defendant, the most likely verdict would be plaintiff, 10 percent, defendant-1, 90 percent. This is hardly a fair result.

jointly liable to the plaintiff.[2] Furthermore, such an argument ignores subparagraph (b) of section 7102 of the comparative negligence act, supra.

We believe that the Workmen's Compensation Act and the Pennsylvania comparative negligence act can be read in harmony so as to allow the joinder of a plaintiff's employer as an additional defendant for the purpose of apportioning the relative percentages of negligence of plaintiff and defendants. Of course plaintiff cannot recover any damages against his employer because he is barred from recovery by section 303(b) of the Workmen's Compensation Act. This consistency is reflected by the comparative negligence act, paragraph (b), which provides that plaintiff may recover the full amount of the allowed recovery from any defendant from whom plaintiff is not barred from recovery.

We allow that there is a conflict between the two statutes because the comparative negligence act provides that a defendant who is compelled to pay more than his percentage share may seek contribution. However, the provisions of the amended Workmen's Compensation Act bar third parties from recovering damages, contribution or indemnity in any action at law where they have been found jointly liable with an employer or fellow employe co-defendant.

This conflict, however, does not disturb us in this case. Met Ed is not seeking contribution or indemnity. Met Ed is merely seeking to reduce its per-

2. Was it the legislature's intent in adopting section 303(b) in 1974 to allow an employe double recovery, first under the Workmen's Compensation Act and, second, a recovery against a negligent third party? We think not.

centage share of causal negligence, if any, compared to plaintiff's negligence.

We allow that our decision at first blush appears to conflict with Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977). However, the Superior Court in Hefferin v. Stempkowski supra, was not faced with the issue of comparative negligence since the case was tried and the decision handed down before comparative negligence became the law in this Commonwealth. Furthermore, Stempkowski was seeking contribution in the event of joint liability with Hefferin's employer.

We suggest that our approach and our result is not without some form of precedent at law. Our courts have held in the past that a husband may be joined as an additional defendant in a trespass action brought by a wife against a third person although no judgment may be entered in favor of the wife against her husband because of the statutory and decisional spousal immunity rule: Daly v. Buterbaugh, 416 Pa. 523, 207 A. 2d 412 (1964).

In summary, we hold that a defendant may join as additional defendants plaintiff's employer and fellow employe in a trespass action by an employe against a third person for the purpose of determining the percentage of pro rata causal negligence among defendants. Having thus decided, we will dismiss the preliminary objections.

## ORDER

And now, May 13, 1980, the preliminary objections of the additional defendants are dismissed with leave to answer the complaint to join the additional defendants within 30 days from the date of the receipt of a copy of this order.