Prince, Appellant, *v.* Adams.

Argued March 22, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harold B. Fink, Jr.,* with him *Fink and Young,* for appellant.

*Thomas A. Walrath,* with him *Walrath & Coolidge,* for appellee.

OPINION BY CERCONE, J., June 21, 1974:

In this case the plaintiff filed a wrongful death and survival action as administrator of the estate of a fifteen-year-old son who had been killed in an automobile accident. A verdict in favor of the plaintiff was rendered in the amount of $7,189.20. Plaintiff filed a motion for new trial on the grounds that the verdict was inadequate. The trial court granted the motion for new trial as to damages only. The defendant appealed to this court which affirmed the decree of the trial court. See *Prince v. Adams,* 221 Pa. Superior Ct. 806 (1972).

A second trial was held on October 5, 1972, the sole issue being the amount of damages to be awarded. Special damages under the wrongful death action were stipulated to be $2,189.20. The jury nevertheless made an award on the wrongful death action in the amount of $2,689.20. The evidence as to the future loss of earn-

ings under the survival action was as follows: the deceased, Ronald Prince, was fifteen years old at the time of his death. There was evidence, actuarial tables, that Ronnie would have lived to be 69 years old. His propensity for work was high in that he had raised sheep and cattle and had held various part-time jobs demonstrating a capacity for earning income. Ronald was only an average student, but he did possess a better than average I.Q. of more than 120. There was also testimony as to the exemplary character of the deceased who, at the age of fifteen, contributed to the support of his mother. The jury weighed this evidence and awarded $1,000.00 under the survival action. Thus the total verdict was $3,689.20. Plaintiff again moved for a new trial based on the inadequacy of the verdict, but the trial court this time refused to grant the motion. The reasons assigned for this action by the trial court were that the plaintiff had already had two trials on the damages issue and that the public interest in finality of judgments outweighed the alleged error that plaintiff raised. From this decree plaintiff appeals, again raising the issue of the inadequacy of the verdict.

In order to determine whether this verdict is in fact inadequate, a brief review of the damages recoverable under each separate cause of action is in order. An action filed under the Wrongful Death Statute, Act of April 15, 1851, P. L. 669, §19, 12 P.S. §1601, is brought on behalf of those individuals who have survived the decedent and have sustained damages as a result of the defendant's negligence. The action is designed to compensate these individuals for the losses which they personally have sustained. It does not involve any losses which were incurred by the decedent. The measure of damages for the death of a minor in a Wrongful Death Action consists of: funeral and medical expenses, plus the total earnings which would have been earned by the child up to the age of twenty-one, minus the cost of

maintaining the child during this period, with the resulting amount discounted to its present value: *Murray v. Philadelphia Transportation Company,* 359 Pa. 69 (1948).

Rule 213 of the Pennsylvania Rules of Civil Procedure allows an action filed under the Wrongful Death Statute to be joined with a survival action brought under the Act of April 18, 1949, P. L. 512, 20 P.S. §320.601, now found in the Act of June 30, 1972, P. L. 508, No. 164. See also *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A. 2d 659 (1942). A survival action is brought by the administrator of the deceased plaintiff's estate in order to recover damages to the *estate* of the decedent which resulted from the negligent act which caused his death. The measure of damages to the estate of a decedent minor under the survival action is: the earnings the decedent would have generated during his *adult* life, minus his probable expenditures in maintaining himself over this period, plus any award for pain and suffering, again discounted to a present value: *Swartz v. Smokowitz,* 400 Pa. 109 (1960) ; *Murray v. Philadelphia Transportation Co.,* supra. There are actuarial tables available and various other acceptable methods which can be used to aid the jury in their determination of present worth: *Jenkins v. Pennsylvania Railroad Co.,* 220 Pa. Superior Ct. 455, 289 A. 2d 166 (1972) ; *Brodie v. Philadelphia Transportation Co.,* 415 Pa. 296 (1964).

The total verdict under both causes of action in the present case was $3,689.20. The award was $2,689.20 under the wrongful death action and $1,000.00 under the survival action. Since, on the facts of this case, there was no pain and suffering involved, the $1,000.00 award under the survival action represents the jury's estimate of the present worth of the total *net* earnings which this boy would have accumulated during his entire adult life had he survived. The jury made this award even though there was uncontradicted evidence

that this boy was of above average intelligence and had already demonstrated a propensity for hard work.

In any appeal where the adequacy of the verdict is called into question it is the duty of the appellate court to review the entire record to determine whether an injustice has occurred: *Elza v. Chovan*, 396 Pa. 112 (1959). However, nothing short of a clear conviction, compelled by the evidence, that the jury must have been influenced by passion, prejudice, or by some misconception of law or evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing to grant a new trial based upon the inadequacy of the verdict: *Elza v. Chovan*, supra; *Paustenbaugh v. Ward Baking Co.*, 374 Pa. 418 (1953). When the verdict is substantial a new trial will be granted only when the verdict is so unreasonably low as to present a clear case of injustice: *Karcesky v. Laria*, 382 Pa. 227, 114 A. 2d 36 (1955).

After a review of the entire record in this case, we are convinced that the award of $1,000.00 under the survival action must have been the result of passion, prejudice, or a misconception of law or evidence. It is so patently inadequate as to present a clear case of injustice, or, as the Supreme Court stated in *Elza v. Chovan*, supra, "the injustice of the verdict [stands] forth like a beacon." See also *Ischo v. Bailey*, 403 Pa. 281 (1961); *Corl v. Corl*, 222 Pa. Superior Ct. 152 (1972); *Padula v. Godshalk*, 192 Pa. Superior Ct. 618 (1960); *Simpkins v. Richey*, 192 Pa. Superior Ct. 46 (1960). The award of $1,000.00 to the estate of a boy of above average intelligence, sound moral character, and possessing a capacity for gainful employment, does not adequately cover the damages to the estate of that boy. We therefore grant the motion for new trial as to the damages recoverable under the survival action. Since the damages under the Wrongful Death Action bear a reasonable relationship to the damages actually proven,

156

it will not be necessary to relitigate them. The new trial is limited to those damages recoverable under the survival action.

Judgment of the lower court is reversed, and the case is remanded for further proceedings consistent with this opinion.

JACOBS and VAN DER VOORT, JJ., dissent.

HOFFMAN, J., did not participate in the consideration or decision of this case.