393 A.2d 1268

**Warren W. RHODES, parent and natural Guardian of Heidi E. Rhodes, a minor, and Warren W. Rhodes, Individually, Appellant,**

v.

**Bruce A. HOLLENDER.**

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided Nov. 14, 1978.

Paul J. Quattrone, Ridgway, submitted a brief for appellant.

Gordon J. Daghir, St. Marys, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the Court of Common Pleas of Elk County, Civil Division, and involves appellant's claim that the jury's award of damages was inadequate and that therefore a new trial should be awarded limited to the issue of damages or in the alternative that a new trial should be awarded generally.

On July 18, 1973 at about 1:50 P.M. Heidi E. Rhodes, the daughter of Warren W. Rhodes, was operating a 1973 Honda motorcycle, owned by her father, in a southerly direction on a black top secondary road known as "Pinchot Road". The weather was dry at the time and it was a bright, sunny day. Ms. Rhodes was then 16 years old and was operating the motorcycle on a learner's permit. As she was attempting to negotiate a series of sharp "S" curves in the road a collision occurred involving the motorcycle and an International Scout operated by the defendant. Ms. Rhodes suffered extensive bodily injury as a result of the collision including: fracture of the left side of the pelvis; fractures of the right femur, right knee, right tibia and right fibula; fractures of the left knee and left femur; shock; and permanent scars about the umbilical area, upper right hip, upper left hip, right thigh, right knee, right anterior tibial skin, left thigh and left knee. She was hospitalized from 7–18–73 until 8–17–73 and for intermittent periods of fifteen days after that time. The medical expenses for her treatment necessitated because of the accident amounted to $8260.20. The property damage to the Honda motorcycle amounted to $1001.92. At trial evidence of projected medical expenses for the removal of scars was also introduced. These costs were estimated at $1200 to $1400, not inclusive of surgical fees of $910. The case was tried before a jury and evidence of all of the aforesaid damages was introduced at trial and admitted into evidence.

During the trial the issue of liability was vigorously contested by the defendant. While the plaintiffs alleged negligence on the part of the defendant in operating his vehicle in Ms. Rhodes' lane of traffic, the defendant denied that his vehicle had crossed over into the opposite lane of traffic and alleged that it was her motorcycle which had entered the opposite lane of traffic and had caused the accident. The evidence did establish that the Rhodes motorcycle was travelling down a grade around an "S" curve which turned to the right at the point of impact. The defendant's vehicle was travelling in the opposite direction proceeding up the grade. After the trial the jury found for the plaintiffs and awarded Warren E. Rhodes the sum of $9300 and Heidi E. Rhodes the sum of $2000. Plaintiffs claim that the verdict was inadequate and that they should be awarded a new trial.

Where an apparently inadequate verdict is returned by a jury after both sides had presented credible, directly conflicting evidence with respect to negligence, contributory negligence, proximate causation and the extent of injuries in a personal injury action, the granting of a new trial limited to the issue of damages is an abuse of discretion. *Gagliano v. Ditzler*, 437 Pa. 230, 263 A.2d 319 (1970). A lower court may grant a new trial, limited to the issues of damages, only where the issue of liability is not intertwined with questions of damages and the issue of liability is either not contested or has been fairly determined so that no substantial complaint can be made with respect thereto. *Troncatti v. Smereczniak*, 428 Pa. 7, 235 A.2d 345 (1967).

In *Phelps v. Britton, Inc.*, 412 Pa. 55, 192 A.2d 689 (1963) it was held that: "Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone". It is therefore clear that a new trial limited to damages may *only* be granted when: (1) the issue of liability is not intertwined with the issue of damages and (2) the liability is not questioned or had not been fairly determined so that no substantial complaint can

be made with respect thereto.  *Gagliano v. Ditzler*, supra.
Plaintiffs argue here that since the doctrine of contributory
negligence existed at the time of the accident and at the
time of the trial and since that doctrine should have preclud-
ed any recovery from defendant at all if the jury had felt
that Ms. Rhodes had been in any way negligent that the
jury therefore had to find defendant's testimony incredible.
Plaintiffs then reason that the verdict was clearly inade-
quate because no substantial conflict existed.  This line of
reasoning begs the question.  A review of the record reveals
that there did exist a great conflict in the testimony.  Plain-
tiffs presented two eye witnesses to the incident who
claimed that defendant had travelled to the wrong side of
the roadway at the point of impact.  However, one of these
witnesses, a thirteen year old boy, had testified at a deposi-
tion proceeding that he had not even seen defendant's
vehicle prior to impact.  The other witness' testimony
changed significantly upon cross examination.  Ms. Rhodes
testified that she couldn't recall the accident at all.

Defendant testified in his behalf and stated that he had
remained in his proper lane of traffic at all times and that it
was Ms. Rhodes who had run the motorcycle into his vehicle
in his lane of traffic.  A passenger in his vehicle testified to
the same effect.

Therefore it is clear that the jury was presented with a
conflict in credible testimony and its award, under the
circumstances, could very well have been a compromise
award as the court below suggested.  In any event the court
below did not abuse its discretion in refusing to award a new
trial limited to damages or a new trial generally.

Order affirmed.

SPAETH, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or
decision of this case.