397 A.2d 438

**Helen E. BRONCHAK, Appellant,**

v.

**Donald G. REBMANN, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1978.

Decided Jan. 31, 1979.

William B. Dixon, Pittsburgh, for appellant.

Lee A. Montgomery, Butler, for appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this action of trespass, a jury returned a verdict in favor of the plaintiff for $63.30. The trial court denied a motion for new trial based on alleged inadequacy of the verdict, and judgment was entered on the verdict. This appeal followed.

On April 15, 1975, at or about 1:30 o'clock, A.M., Helen Bronchak, appellant, was on her way home from work. She stopped her Pontiac automobile on the Hansen Avenue Exit Ramp at its intersection with New Castle Street in Butler, Pennsylvania. In compliance with a "Yield" sign there erected, appellant allowed a vehicle to pass on the intersecting street and then moved forward. When she observed the approach of another vehicle on New Castle Street, she stopped again. This time her vehicle was struck in the rear by a vehicle operated by appellee, Donald G. Rebmann.

Immediately following the accident, appellant complained of pain, but no injury was visible to an investigating policeman. He offered to take appellant to the hospital but she declined. Instead, she called her son, who came to the scene of the accident and transported her to the Butler County

Memorial Hospital. There she was treated in the emergency room and discharged. The bill for hospital services was $63.30.

On the following day, appellant visited Dr. James T. McClowry, to whom she complained of neck pains and injury to her right knee. Examination revealed a superficial bruise of the knee and tightness of the neck muscles. Dr. McClowry made a diagnosis of cervical strain. He testified that he prescribed muscle relaxants and physiotherapy. He continued to treat appellant, he said, until June 15, 1975.[1] He submitted a bill for $369. Appellant did not return to work prior to August 21, 1975, when she was laid off.

Expert medical testimony was not in agreement. Appellant's physician opined that appellant had been permanently disabled. Appellee's orthopedic expert testified that when he examined appellant he found no objective symptoms and opined that appellant had fully recovered from any initial cervical strain which she might have sustained. Both doctors agreed, and x-rays confirmed, that appellant had been suffering from severe, preexisting, degenerative arthritis of the cervical spine and that her condition was compounded by calcium deposits and curvature of the spine. They disagreed, however, about the effect of the accident on April 15, 1975. Appellant's physician said that the pre-existing condition had been aggravated by trauma, whereas appellee's expert denied that there had been aggravation.

Where adequacy of the verdict is in question it is the duty of an appellate court to review the entire record to determine whether an injustice has occurred. *Prince v. Adams*, 229 Pa.Super. 150, 324 A.2d 358 (1974). However, it is the province of the jury to assess the testimony and to accept or reject the estimates given by witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for that of the jury. *Elza v. Chovan*, 396 Pa. 112,

---

1. There is evidence that appellant had been hospitalized from May 11, 1975 to May 15, 1975, but the evidence showed that this hospitalization was unrelated to the accident of April 15, 1975.

152 A.2d 238 (1959). In *Austin v. Harnish,* 227 Pa.Super. 199, 201–202, 323 A.2d 871, 873 (1974), this Court said, quoting in part from *Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 420–21, 97 A.2d 816, 818 (1953): " 'The guide for determining whether a new trial should be granted for inadequacy of verdict has often been set forth in the cases. "Where the trial court *grants* a new trial on the ground of inadequacy the appellant courts will not interfere in the absence of a gross abuse of discretion. . . . When the trial court *refuses* relief against an allegedly inadequate verdict the appellate court *will* exercise even greater caution in reviewing *its action." ' Obviously the function of determining whether a jury's verdict is arbitrary and capricious lies with the trial court, and its decision will not be set aside in the absence of clear error of law or palpable abuse of discretion:* Gottlob v. Hillegas, *195 Pa.Super. 453, 171 A.2d 868 (1961). As this Court stated in* Gottlob, *supra, 'We are justified in declaring the lower court guilty of such an abuse of discretion only if we are clearly convinced by the record that the jury was influenced by partiality, passion, prejudice or some misconception of the law or the evidence.' "*

In the instant case, the trial judge denied a motion for new trial because he found the verdict to be "remarkably consistent" with the evidence. The jury had awarded to appellant her bill for emergency care immediately following the accident. It had rejected her claim that she sustained additional loss. In so doing, the jurors concluded either that appellant's evidence of neck pain and stiffness was not credible or that if she suffered pain and stiffness, it had been caused not by trauma but by pre-existing calcium deposits and arthritis of the cervical spine.

Appellant concedes, as she must, that she had the burden of proving the nature and extent of injury caused by the accident. The credibility of her witnesses was for the jury to determine. *Pryor v. Graff,* 179 Pa.Super. 622, 117 A.2d 818 (1955). Having seen and heard the witnesses, the jury was not required to accept everything or anything the plaintiff and her doctor said, even if their testimony was

uncontradicted. *Karcesky v. Laria*, 382 Pa. 227, 114 A.2d 150 (1955); *Lesoon v. Yellow Cab Company of Pittsburgh*, 195 Pa.Super. 470, 171 A.2d 877 (1961).

In *Lesoon v. Yellow Cab Company of Pittsburgh*, supra, defendant taxi company was found guilty of negligence and plaintiff free of contributory negligence. The jury rejected plaintiff's testimony that she had sustained head and neck injuries and awarded damages of $55 to reimburse her for emergency treatment received following the accident. In *Kirby v. Carlisle*, 178 Pa.Super. 389, 116 A.2d 220 (1955), a jury refused even nominal damages where the "jurors may not have believed the testimony of the plaintiffs and their two physicians concerning the girl's condition, or they may not have been satisfied from the evidence that any back injury from which she might have been suffering sometime after the accident was related to or caused by the accident." In *Hollins v. Pittsburgh Railways Company*, 188 Pa.Super. 141, 146 A.2d 622 (1958), a jury made no award to a minor but returned a verdict in favor of his father for the hospital bill rendered for services following the accident. In all these cases, this Court refused to reverse trial courts which had denied motions for new trials because juries could have concluded logically and within bounds of common sense and reason either that plaintiffs had sustained no injuries or that the injuries complained of had not been caused by negligent acts of the defendants. See also: *Rogers v. Hammett*, 229 Pa.Super. 6, 323 A.2d 394 (1974); *Boyd v. Hertz Corporation*, 219 Pa.Super. 488, 281 A.2d 679 (1971); *Steiner v. Ostroff*, 197 Pa.Super. 461, 178 A.2d 799 (1962).

Although at first blush a verdict for $63.30 in the instant case would seem to be low, a careful analysis of the evidence suggests that the verdict was within the bounds of logic and was consistent with the law and the evidence. In recognition of the fact that an award of a new trial might have been an injustice to appellee rather than an act of justice to appellant, the trial court denied appellant's motion. We perceive no abuse of discretion and will affirm.

Judgment affirmed.