411 A.2d 520

**Michael A. NARDI and Emma Nardi, parents and natural guardians of Joan Nardi, and Emma Nardi and Michael Nardi, in their own right, and Michael F. Nardi**

**v.**

**George STAYTON and Michael F. Nardi.**

**Appeal of George STAYTON.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Filed Oct. 5, 1979.

John T. Quinn, Philadelphia, for appellant.

Alan Schwartz, Philadelphia, for appellees.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting appellees' motion for a new trial on the issue of damages.

Appellees instituted this action in trespass against appellant in September, 1969 for injuries resulting from an automobile collision on February 22, 1969.

After seven days of trial, the jury returned a verdict in favor of the appellees. Appellees, however, moved for an additur or in the alternative for a new trial limited to damages only. Appellant argued that if a new trial were granted, it should be on the issue of liability as well as damages. The lower court denied the motion for an additur but granted a new trial on the issue of damages. This appeal followed.

Appellant argues that it was clearly error to grant a new trial as to damages, given the disputed factual situation elicited below.

A lower court may grant a new trial as to damages, only where the issue of liability is not intertwined with questions of damages and the issue of liability is either not contested or has been fairly determined so that no substantial complaint can be made with respect thereto. *Troncatti v. Smereczniak*, 428 Pa. 7, 235 A.2d 345 (1967); *Rhodes v. Hollender*, 260 Pa.Super. 290, 393 A.2d 1268 (1978).

The reason for this rule is easily explained; if the liability in a case is not clear and a low damage award is returned, then it is very likely that the jury compromised the issue of liability with the amount of damages awarded. *Gagliano v. Ditzler*, 437 Pa. 230, 263 A.2d 319 (1970); *Lininger v. Kromer*, 238 Pa.Super. 259, 358 A.2d 89 (1976).

■ We must review the evidence presented below to determine whether the lower court abused its discretion in granting a new trial.

On February 22, 1969, appellees were traveling west on Shunk Street in South Philadelphia. At the corner of Broad Street, they stopped because the traffic light turned red. When it turned green, they proceeded west into the intersection of Broad and Shunk Streets. At approximately the middle of the intersection, their car was hit on the driver's side by a car proceeding north on Broad Street and driven by appellant.

The impact pushed appellees' car 38 feet sideways into a wall on the northwest corner of the intersection. Appellant's car left a 28 foot long skid mark prior to impact.

All occupants of the appellees' car testified that their car stopped for a red light and when they proceeded into the intersection, they had a green light. In addition, appellees had an independent witness, John S. Valerio, who testified that he was standing on the corner of Broad and Shunk Streets when the collision occurred. He testified that the light was definitely green for appellees and red for appellant's car. He also estimated the speed of appellant's car at 45 miles per hour.

The appellant produced only the testimony of the occupants of his car. His wife testified that she was certain there was no red light. Two of appellant's children testified that they had no independent recollection of what color the light was. The appellant and his step-son testified that the light on the northeast corner of the intersection was green.

There were inconsistencies in the defense testimony. Neither appellant nor his step-son were quite certain which traffic signal they had looked at or how far from the intersection they last saw the light. Also, they testified that other cars and a bus were beside them in the other lanes of traffic on Broad Street. This begs the question as to where the other vehicles were when the collision occurred.

We believe the lower court did not abuse its discretion in granting a new trial limited to the issue of damages.

The liability issue as resolved by the testimony indicates clearly that appellant was the negligent party. We are convinced by the corroborated unanimous testimony presented by appellees in contrast to the sketchy, inconsistent and uncorroborated testimony produced by appellant.

Given the above, the damages awarded clearly were inadequate.

■ Testimony revealed that appellee Michael Nardi, Jr. suffered from massive internal injuries including a retroperitoneal hematoma, laceration and tearing off of portion of the liver; contusions of the gall bladder and kidney. He also sustained multiple facial lacerations; soft tissue injury to the neck and lower back, aggravation of a pre-existing lumbar anomaly; substantial abdominal scarring; pneumonia; contusions of the lining of the lung; a fractured nose and deviated septum. His total medical bills and lost wages amounted to $6,000, not taking into consideration present value of future lost wages, as well as pain and suffering. At trial Nardi still suffered from pain in his back and nose as well as permanent impairment of his breathing. The jury awarded him $10,000.

■ Appellee Michael Nardi, Sr. suffered a fractured right ankle; cerebral concussion; contusions of the head, chest and leg; facial laceration with permanent scarring. He continues to suffer from impairment to his ankle. His recovery required more than one year.

His loss was in excess of $4,000 in medical expenses, lost wages and property damage, in addition to pain and suffering. The jury award was but $4,300.

Appellee Emma Nardi suffered cervical and lumbar sprain and multiple contusions. Her medical bill was $388, not including pain and suffering. In addition, she was required to care for her husband and son in the hospital and at home. The jury awarded her $938.

Appellee Joan Nardi suffered multiple bruises, contusions of both legs and cervical sprain. Her medicals were $223 and that was the amount of the jury award.

272

In view of the low award of damages in a situation where the issue of liability was clear and free from doubt, we find no abuse of discretion by the lower court in awarding a new trial limited as to damages.

Our review of the record reveals that the accident involved herein occurred February 22, 1969. Trial was not had until October, 1977. Ten years have now passed and the matter has yet to be concluded. We are constrained to urge the court below to dispose of this matter as expeditiously as possible.

Order affirmed.

WIEAND, J., files a concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting:

I concur in the decision to affirm the trial court's order awarding a new trial. I would modify the order, however, to require a new trial generally and would not limit it to damages only. Where liability is contested and not free from doubt, a new trial should not be limited to the issue of damages. See: *Rhodes v. Hollender*, 260 Pa.Super. 290, 393 A.2d 1268 (1978); *Gagliano v. Ditzler*, 437 Pa. 230, 263 A.2d 319 (1970); *Berkeihiser v. DiBartolomeo*, 413 Pa. 158, 196 A.2d 314 (1964).