419 A.2d 757

**Jacob FIERMAN**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed May 2, 1980.

Norman Hegge, Jr., Philadelphia, for appellant.

Eugene E. Kellis, Philadelphia, for appellee.

Before HESTER, MONTGOMERY and CIRILLO,* JJ.

MONTGOMERY, Judge:

Appeal is taken from the order of the lower court in this trespass action granting a new trial limited solely to the issue of damages. The incident involved in this appeal was a rear end collision between plaintiff–appellee's automobile and defendant–appellant's trolley which occurred on June 25, 1969. This case was tried before a jury and on October 23, 1978, a verdict in favor of plaintiff was returned in the sum of $2,350 for past medical expenses only. On October 25, 1978, plaintiff moved for a new trial limited solely to the issue of damages, alleging that the verdict was inadequate and against the weight of the evidence, the law and the charge of the court. Following oral argument, plaintiff's motion was granted on April 11, 1979. Defendant has appealed requesting the original verdict be reinstated or in the alternative that a new trial be granted generally.

■ It is axiomatic, that, "the granting of a new trial based on the alleged inadequacy of the verdict is within the discretion of the trial court," and this court will not interfere absent a clear abuse of discretion. *Boyd v. Hertz Corp.*, 219 Pa.Super. 488, 497, 281 A.2d 679, 684 (1971). Also see *Austin v. Harnish*, 227 Pa.Super. 199, 323 A.2d 871 (1974). However, it is equally clear that it is "the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by witnesses." *Elza v. Chovan*, 396 Pa. 112, 115, 152 A.2d 238, 240 (1959), as cited by *Austin v. Harnish*, supra.

"Where an apparently inadequate verdict is returned by a jury after both sides had presented credible, directly conflicting evidence with respect to negligence, contributory

*Honorable VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

negligence, proximate causation, and the extent of injuries in a personal injury action, the granting of a new trial limited to the issue of damages is an abuse of discretion." *Rhodes v. Hollender*, 260 Pa.Super. 290, 293, 393 A.2d 1268, 1270 (1978) citing *Gagliano v. Ditzler*, 437 Pa. 230, 263 A.2d 319 (1970).

The court in *Rhodes v. Hollender*, went on to further state that a new trial limited to damages may only be granted when: (1) the issue of liability is not intertwined with the issue of damages and (2) the liability is not questioned or had not been fairly determined so that no substantial complaint can be made with respect thereto.

In the instant case, the issue of liability was vigorously contested. There was a great deal of conflicting testimony between the parties, and a certain amount of contradictory testimony rendered by the plaintiff himself.[1] The jury was presented with this inconsistent evidence, and the amount of its award of damages reflects a compromise verdict.[2]

█ Compromise verdicts are both expected and allowed. We will not reverse a jury verdict on the grounds of inadequacy, where the verdict, ". . . was reached by the jury after an impartial charge and where there was a factual question as to what injuries were attributable to the accident and what injuries were pre–existing." *Boyd v. Hertz*, supra, 219 Pa.Super. at 498, 281 A.2d at 685.

█ It was the province of the jury below to resolve inconsistencies and contradictions, to disbelieve all or part of the testimony of the witnesses, and to thereafter compromise the verdict or establish an amount which it determined would justly compensate the plaintiff for his loss. See *Rogers v. Hammett*, 229 Pa.Super. 6, 323 A.2d 394 (1974).

1. The plaintiff had been involved in a prior accident in 1968 where he also incurred certain injuries; plaintiff's contradictory statements relating to these injuries are disclosed by the court records from the prior accident, and plaintiff's direct and cross examination at the trial of the instant case.

2. There is no issue raised as to trial court's instructions to the jury on damages.

Having found that the lower court abused its discretion by granting a new trial limited solely to the issue of damages, we will grant defendant–appellant's requested relief.

Order of the lower court reversed, and the original verdict reinstated.