## Williams v. Hartman

*Joseph N. Bifano*, for plaintiffs.
*Edward D. Klym*, for defendant.

TERPUTAC, *J.*, July 16, 1985—After a trial by jury in this medical malpractice case, the jury found in favor of the parents of William Williams, a minor, for their medical expenses on his behalf in the amount of $4,000. On the cause of action by the parents on behalf of William Williams for his claim, the jury awarded a verdict in favor of the minor but in the amount of zero dollars. The attorney for plaintiff in his motion for a new trial and for delay damages under Rule 238, which should be properly styled as a motion for post-trial relief, alleges that the verdict is inadequate as a matter of law. In addition, counsel for the defendant filed a similar motion asking that a judgment n.o.v. be entered on behalf of defendant physician, or in the alternative, a new trial be granted on the issues both of liability and of damages. After the filing of briefs and oral argument, the court denies the motion of the defendant for judgment n.o.v., but grants the motion for a new trial on the issues of liability and damages. Because of our allowance of a new trial, the issue of Rule 238

delay damages will be addressed at the close of that trial.

Plaintiff's motion for new trial limited to the issue of damages is hereby denied. When the trial court is confronted with a motion for a new trial on the ground of inadequacy of the verdict, the court must exercise its discretion so that the decision is not arbitrary or capricious and so that a palpable abuse of discretion is not committed. Bronchak v. Rebmann, 263 Pa. Super. 136, 397 A.2d 438 (1979); Coleman v. Pittsburgh Coal Co., 158 Pa. Super. 81, 43 A.2d 540 (1945). An analysis of the cases shows that verdicts which are seemingly low and unfair may nevertheless be adequate where the jurors reach an impasse over conflicting testimony on liability, contributory negligence, or the degree and extent of injury. Deitrick v. Karnes, 329 Pa. Super. 372, 478 A.2d 835 (1984). In that case, the court found that the jury verdict of $500 was shockingly low in view of the finding that both parties were 50 percent negligent and in view of the nature of the injuries and loss of income. Furthermore, in Deitrick, the court was shocked that the verdict denied to the wife anything for loss of consortium. There had been no evidence to the contrary and the decision to deny her loss of consortium was illogical and unreasonable. Another case which we believe is apposite is Gudat v. Heuderger, 275 Pa. Super. 535, 419 A.2d 30 (1980). In that case, the jury had awarded the plaintiff the sum of $580 for the damage to her car and nothing for her personal injuries. There was uncontradicted testimony that the injuries in the recent accident had aggravated the neck and back injuries that she had sustained in another accident which had occurred in 1968. The court reversed and remanded for a new trial on both the issue of liability and the issue of damages. We are of the

opinion that there is a serious question in the instant case about "the fairness of the jury's verdict." 275 Pa. Super. at 542, 419 A.2d at 33.

Although the jury in the instant case awarded $4,000 to the parents for their medical expenses (the actual testimony on the medical expenses showed that the sum was $3,865.93), we cannot attribute a sum somewhat over $100 to compensate the minor plaintiff for his pain and suffering. The verdict granting him zero dollars coupled with a finding in his favor indicates to the court that the verdict was illogical and unreasonable as to shock our sense of justice. Dietrick v. Karnes, 329 Pa. Super. 372, 478 A.2d 835. As to the issue of a new trial limited to damages only, the court in Gudat said:

"The question remains, however, whether the new trial should be limited to the issue of damages. This court will grant a new trial limited to the issue of damages where the issue of liability has been fairly determined and the issue of damages is readily separable from the issue of liability." 275 Pa. Super. at 542, 419 A.2d at 33. The liability of defendant physician was vigorously contested. There was expert testimony on both sides. Since we find that the issue of liability is not clear or free from doubt, we are constrained to grant a new trial on both damages and liability.

## ORDER

And now, this July 16, 1985, the motion of defendant for post-trial relief on the matter of judgment n.o.v. is denied. The motion for a new trial on both damages and liability is granted.

The motion for post-trial relief filed by plaintiff for a trial on damages only is denied.

Resolution of the issue of Rule 238 delay damages is postponed until the close of the new trial.