558 A.2d 565

**Thomas I. DAWSON, Appellant,**

v.

**Patricia Lynn FOWLER, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1988.

Filed April 3, 1989.

Petition for Allowance of Appeal
Denied Oct. 2, 1989.

David L. Lutz, Harrisburg, for appellant.

Theresa E. Shade, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

Appellant, Thomas I. Dawson, appeals from an order denying his motion for a new trial. Appellant maintains that the trial court erred in failing to grant a new trial when the jury's verdict: (1) did not include consideration of appellant's lost wages and pain suffered; and (2) represented a "compromise verdict." For reasons discussed below, we affirm.

On May 4, 1985, appellee, Patricia Lynn Fowler, backed her vehicle from a private driveway onto both lanes of the Blue Mountain Parkway, Dauphin County, in an attempt to proceed south on the Parkway. Appellant, driving his

motorcycle in excess of the speed limit in the northbound lane of the Parkway, traversed the crest of a hill a short distance from appellee's driveway and, with little time to react, collided with the left rear corner of appellee's vehicle. As a result of the crash, appellant sustained foot and toe injuries and subsequently commenced suit to recover damages for lost wages, pain and suffering, and medical expenses.

Trial by jury commenced on May 5, 1986, and appellant presented evidence at trial of pain and suffering, $382.25 in medical bills, and $1,450.00 in lost wages. Special interrogatories were submitted to the jury. Following deliberation, the jury announced a verdict in favor of appellee. In answer to the special interrogatories, the jury found that the percentage of causal negligence on the part of appellant was 52% and 48% on the part of appellee. In response to individual polling, the jury indicated seven in favor of appellee and five in favor of appellant. The trial court, therefore, instructed the jury to deliberate further. Subsequently, the jury submitted the following question:

> Judge Natale, can we give only fifty percent of the medical bills to the plaintiff and nothing more based on fifty percent/fifty percent negligence. Total award to the plaintiff, $191.13? If so we have a 10 to 2 vote. Albert L. Groves.

The court further instructed the jury that, based upon their question, whatever award they made would be reduced by fifty percent and that a fifty/fifty verdict was, in essence, a plaintiff's verdict. The court also mentioned that damages included lost wages and pain and suffering. The jury ultimately returned a verdict slip in favor of appellant against appellee for $382.25, together with a finding that there was 50% negligence on the part of each party. Individual polling revealed a ten to two vote in favor of the verdict.

On June 3, 1988, the trial court denied appellant's motion for a new trial. This timely appeal followed.

Appellant first claims that the trial court erred in denying the motion for a new trial when the jury's verdict does not account for lost wages and pain suffered. Appellant asserts that the verdict is inadequate and bears no reasonable relationship to the *proven* work loss and general damages, and therefore, should be set aside. Appellant also urges that the trial court erred in denying the motion for a new trial because "the jury's verdict represented a 'compromise verdict' even though the law and the court's instruction mandated that the jury separately consider the issue of comparative negligence and then consider damages." Appellant's brief at 16. Appellant contends that a compromise verdict has no place in a comparative negligence system; rather, the jury must consider the comparative negligence of the parties before determining plaintiff's damages.

Our standard of review is well settled:

In *Coleman v. Pittsburgh Coal Co.*, 158 Pa.Super. 81, 43 A.2d 540 (1945), this court stated: "Where the trial court *grants* a new trial on the ground of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion: . . . . When the trial court *refuses* relief against an allegedly inadequate verdict the appellate court *will exercise even greater caution in reviewing* its action." *Id.* at 85, 43 A.2d at 542; *accord Hevener v. Reilly*, [266] Pa.Super. [386], 404 A.2d 1343 (1979); *Bronchak v. Rebmann*, 263 Pa.Super. 136, 397 A.2d 438 (1979); *Cohen v. Food Fair Stores Inc.*, 190 Pa.Super. 620, 155 A.2d 441 (1959). "[T]he function of determining whether a jury's verdict is arbitrary and capricious lies with the trial court, and its decisions will not be set aside in the absence of clear error of law or palpable abuse of discretion." *Bronchak v. Rebmann, supra* [263 Pa.Super. at] 140, 397 A.2d at 440. While the appellate court will review the entire record to determine whether an inadequate and unjust verdict has occurred, *Prince v. Adams*, 229 Pa.Super. 150, 324 A.2d 358 (1974), it is "justified in declaring the lower court guilty of such an abuse of discretion only if [it is] clearly convinced by the

record that the jury was influenced by partiality or some misconception of the law or the evidence." *Gottlob v. Hillegas,* 195 Pa.Super. 453, 457, 171 A.2d 868, 870 (1961). *Gudat v. Heuberger,* 275 Pa.Super. 535, 539–40, 419 A.2d 30, 32 (1980).

The amount of a jury verdict will rarely be held inadequate on appeal. *Deitrick v. Karnes,* 329 Pa.Super. 372, 374, 375, 478 A.2d 835, 836 (1984). Moreover, we emphasize that it is the province of the jury to assess the evidence and to accept or reject conflicting testimony given by witnesses. *Bronchak, supra,* 263 Pa.Super. at 139, 397 A.2d at 439. Even if testimony is uncontradicted, the jury is not required to accept everything or anything a party presents. *Id.,* 263 Pa.Superior Ct. at 140, 397 A.2d at 440, *citing Karcesky v. Laria,* 382 Pa. 227, 114 A.2d 150 (1955); *Lesoon v. Yellow Cab Company of Pittsburgh,* 195 Pa.Super. 470, 171 A.2d 877 (1961). "If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for that of the jury." *Id., citing Elza v. Chovan,* 396 Pa. 112, 152 A.2d 238 (1959).

■ We have declared that seemingly low and unfair jury verdicts are nevertheless adequate when the jurors are presented with conflicting testimony on liability, contributory negligence, or degree of injury. *Deitrick, supra.* Instantly, liability was contested. Moreover, regarding appellant's request for lost wages and pain suffered, our scrutiny of the record reflects that the degree of appellant's injury, and any resultant pain and suffering, were subject to question. Following the accident, appellant was treated for "some sort of fracture of the left great toe" and released, transcript at 26, and subsequently experienced "uncomfortable pain in my heel and my lower left ankle," transcript at 55. At the time of the accident, appellant had been working in a temporary position for approximately two weeks. He returned to work after two weeks and did not miss any more time as a result of his injuries. *Id.* The trial court aptly opined:

In the instant case, the issue of liability was vigorously contested. There was conflicting testimony between the parties. The jury was presented with inconsistent evidence and the amount of its award of damages reflects a compromise verdict. The granting of a new trial in this case limited to the issue of damages would amount to an abuse of discretion.

Opinion at 5. We find that the trial court acted within its discretion in upholding the jury's verdict.

■ In addition, we do not agree with appellant that the jury's compromise verdict was improper. Appellant urges that "such a verdict has no place in a comparative negligence system." Appellant's brief at 17. Appellant, however, cites no authority for his assertion. We note that neither the comparative negligence statute, 42 Pa.C.S.A. § 7102, nor its interpretive case law, prohibit compromise verdicts and we decline to create such a prohibition. Moreover, we have acknowledged that:

[A] pure negligence doctrine, which reduces the plaintiff's damages by the amount attributed to his causal negligence regardless of the degree of that negligence, would seem to eliminate the need for compromise verdicts. Conversely, Pennsylvania's comparative negligence doctrine reduces the plaintiff's damages in proportion to the amount of negligence for which he is responsible, providing the plaintiff's negligence is not greater than the defendant's causal negligence. In Pennsylvania, where the plaintiff is 51% or more causally-negligent, no recovery is permitted. To the extent that no recovery is permitted under Pennsylvania's comparative negligence doctrine, a compromise verdict may be apropos.

*Deitrick, supra,* 329 Pa.Super. at 382, 478 A.2d at 840. We hold that notwithstanding a finding of comparative negligence, when liability is contested and conflicting testimony is presented, compromise verdicts are permissible to establish an amount that the jury determined would justly compensate a plaintiff for his loss. *Fierman v. Southeastern*

*Pennsylvania Transportation Authority,* 277 Pa.Super. 252, 255, 419 A.2d 757, 759 (1980).

Order of the trial court is affirmed.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. I would reverse and remand for a new trial.