**Burley v. University City Science Center**

*Anthony Lopresti,* for appellant

*Allen Richard Bunker,* for appellee University City Science Center

*Brian Leo Calistri,* for appellee Parkway Corp.

*John T. Donovan,* for appellee Intermodal Container

TERESHKO, *J.,* June 4, 2013—Plaintiff appeals this court's orders dated August 12, 2011, granting the motions for summary judgment submitted by defendants University City Science Center and Parkway Corporation.

## FACTUAL BACKGROUND

Plaintiff commenced this action by filing her complaint on April 24, 2009. (Complaint, ¶4). On December 21, 2008, plaintiff was employed as a security guard by Spectra Guard Acquisitions d/b/a Allied Barton (hereinafter "Spectra Guard") at 3665 Market Street. (Complaint, ¶ 5). The building and garage at 3665 Market Street were owned by University City Science Center. (Complaint, ¶ 5). University City Science Center (hereinafter "UCSC") contracted with plaintiff's employer, Spectra Guard for security services at 3665 Market Street. (UCSC's motion for summary judgment, ¶ 2). The property manager of the parking garage at 3665 Market Street was defendant Parkway Corporation (hereinafter "Parkway.")

Upon beginning her shift on December 21, 2008, plaintiff was informed by the previous shift supervisor that there was an accumulation of ice in the garage. (Answer to Parkway Corporation's motion for summary judgment, ¶¶ 20-22). As a shift supervisor, plaintiff was trained to look for safety hazards in the parking garage, including ice and snow. (Deposition of Sheena Epps attached as exhibit "C" to Parkway's motion for summary judgment, pg. 33, 5-15, pg. 72 lines 1-10).[1]

If a shift supervisor observed a safety hazard in the parking garage, company procedure required notification of the site supervisor and account manager. (Deposition of Sheena Epps attached as exhibit "C" to Parkway's motion

---

1. This procedure was recorded in the read-file memo. (Deposition of Sheena Epps attached as exhibit "C" to Parkway's motion for summary judgment, pg. 33 lines 14-22).

for summary judgment, pg. 72, lines 11-15). Once the shift supervisor notified the account manager that the tour could not be conducted completely due to the hazards presented by the ice, the account manager would instruct the shift supervisor how to proceed. (Deposition of Sheena Epps attached as exhibit "C" to Parkway's motion for summary judgment, pg. 29, lines 20-22; pg. 72, lines 19-24).

While plaintiff was making her rounds on the night of the accident, she observed the ice her coworker warned her about, and rather than notify the site supervisor or account manager as dictated by company procedure, she proceeded to traverse the ice, (Plaintiff's deposition attached as exhibit "A" to answer to parkway's motion for summary judgment, pg. 49, lines 13-24; pg. 29, lines 17-22; pg. 33, lines 1-13). Plaintiff then slipped on the ice, sustaining injury. (Complaint, ¶5).

Plaintiff commenced this action by filing her complaint on April 24, 2009. (See docket). On June 5, 2009, UCSC filed a joinder complaint against Spectra Guard. (See docket). UCSC filed an answer to the complaint on July 24, 2009, and Spectra Guard filed an answer to the complaint on July 29, 2009. (See docket).

Spectra Guard filed a motion for summary judgment on February 24, 2010. (See docket). UCSC filed an answer to the motion for summary judgment on March 28, 2011 and subsequently filed a motion for partial summary judgment against Spectra Guard on March 29, 2011. (See docket). On April 14, 2011, UCSC filed a joinder complaint against Intermodal Container Corporation and Parkway. (See docket). On April 29, 2011, this court denied Spectra

Guard's motion for summary judgment and granted UCSC's motion for partial summary judgment. (See docket).

On May 4, 2011, Parkway filed preliminary objections to the second joinder complaint of UCSC, and this court granted the preliminary objections, dismissing the joinder complaint. (See docket). Parkway filed a motion for summary judgment on May 19, 2011. (See docket). UCSC filed a motion for summary judgment on June 1, 2011. (See docket). Spectra Guard filed a motion for summary judgment on June 7, 2011. (See docket).[2] Plaintiff filed answers to UCSC and parkway's motions for summary judgment on July 1, 2011 and July 7, 2011 respectively. (See docket). On August 9, 2011, this court granted motions for summary judgment submitted by Parkway, Allied Barton and UCSC. (See docket).[3]

On September 6, 2011, plaintiff appealed this court's orders of August 9, 2011, granting the motions for summary judgment submitted by Parkway and UCSC. (See docket). On September 12, 2011, plaintiff filed a praecipe to withdraw the notice of appeal in the lower court and filed two more appeals to Superior Court on the same date challenging the August 9, 2011 orders. (See docket). The appeals at 2605 EDA 2011 and 2565 EDA 2011 were quashed as interlocutory by order of the Superior Court dated November 8, 2012.

On April 25, 2013, plaintiff filed a praecipe to

---

2. Spectra Guard's motion for summary judgment was unopposed.
3. The claim against Intermodal Container Corporation remained at this point in time.

dismiss the remaining defendant, Intermodal Container Corporation with prejudice, making this court's August 9, 2011 orders final and appealable. (See docket). Thereafter, plaintiff again appealed this court's August 9, 2011 orders granting defendants UCSC and Parkway's motions for summary judgment. (See docket).

On May 14, 2013, the court directed plaintiff to file a concise statement of errors complained of on appeal, and plaintiff complied on May 30, 2013. *Id.* The issues to be addressed on appeal are:

1) Whether this court erred by granting UCSC's motion for summary judgment.

2) Whether this court erred by granting Parkway's motion for summary judgment.

## LEGAL ANALYSIS

Summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035.2, which states,

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an

adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa. R.C.P. 1035.2

In determining whether summary judgment is proper, the record is viewed in the light most favorable to the non-moving party, and all doubts as to whether a genuine issue of material fact exists are resolved against the moving party. *Pennsylvania State Univ. v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (Pa. 1992). The appellate court's scope of review is plenary. *O'Donoghue v. Laurel Savings Ass'n,* 556 Pa. 349, 728 A.2d 914, 916 (Pa. 1999). A trial court's decision to grant or deny a motion for summary judgment will only be reversed where the lower court committed an error of law or abused its discretion. *Cochran v. GAF Corp.,* 542 Pa. 210, 666 A.2d 245, 248 (Pa. 1995). Additionally. "[a]lthough the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender v. Fitterer,* 503 Pa. 178, 185-6, 469 A.2d 120, 124 (1983).

Plaintiff makes the same arguments in her answers to UCSC and Parkway's motions for summary judgment and therefore the merits of these arguments can be addressed jointly. First, plaintiff asserts that this court erred by granting Parkway and UCSC's (collectively "defendants") motions for summary judgment because defendants failed to warn plaintiff of the dangerous condition. However, plaintiff was placed on notice of the icy conditions by

the previous shift supervisor, and plaintiff admitted that she observed the ice before she proceeded to walk across it. Additionally, there were no Parkway personnel on the premises on the weekends per the parties' agreement. (Deposition of Sheena Epps attached as exhibit "C" to Parkway's motion for summary judgment, pg. 72, lines 2-10). Thus, unless a Parkway employee was contacted by someone on the premises, Parkway would not have any knowledge of the condition of the property.

The facts in the instant matter are similar to those set forth in *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120 (1983). In *Carrender*, the appellee parked her car next to a patch of ice in appellants' parking garage despite the availability of other parking spots that were free of ice and despite the knowledge that slippery conditions posed a significant risk to a person with a prosthesis. Appellee then proceeded to walk across the ice to appellants' chiropractic clinic for her appointment. Upon returning to her car, the appellee slipped and sustained a fracture of her left hip.

The court observed, "Appellee's own testimony showed not only that the existence of the ice was obvious to a reasonably attentive invitee, but also that appellee herself was aware of the ice and appreciated the risk of traversing it." *Id.* at 186, 124, "By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself." *Id.* at 188, 125. Thus, the court concluded that the appellants did not have a duty to warn appellee about the patch of ice in the parking lot as the danger presented would have been apparent, and appellee

recognized the inherent risk. *Id.* at 184, 123.

Plaintiff cites *Fierman v. SEPTA*, 277 Pa. Super. 252, 419 A.2d 757 (1980), for the premise that an accumulation of ice is relevant to comparative negligence but is not a basis to deny recovery. However, Fierman involved the appropriateness of a compromise verdict as a result of inconsistent evidence and contradictory testimony presented by plaintiff at trial. The court held that a compromise verdict was permissible because it was within the province of the jury to weigh the evidence and resolve the inconsistencies presented at trial in order to reach an amount of damages that would adequately compensate the plaintiff. *Id.* at 255, 759. The facts presented by the parties in the instant matter are not contested and the matter turns on issues of law. Rather, plaintiff disputes whether or not, on the basis of the facts alleged, defendants owed plaintiff a duty that was breached by defendants' failure to warn.

Plaintiff also cites *Slobodzian v. Beighley*, 401 Pa. 520, 164 A.2d 923 (1960), finding that familiarity with the property did not defeat a plaintiff's ability to recover. Here, however, defendants are not alleging that plaintiff's familiarity with the property precludes recovery. Recovery is unwarranted because plaintiff proceeded in the face of a known risk. Plaintiff was informed about the existence of ice in the parking garage, observed the ice, and proceeded to walk across it. Therefore, plaintiff's actions relieved defendants of any duty that may have been owed.

Second, plaintiff asserts that this court erred by granting defendants' motion for summary judgment because defendants owed a duty to the plaintiff. However, plaintiff

knowingly encountered an open and obvious risk after being warned of the potential danger by her coworker and despite the availability of alternate routes.

Plaintiff observed the risk she had been advised of and chose to encounter it. The risk was obvious and known because as the court in *Long v. Norriton Hydraulics*[4] stated, "Ice is always slippery and a person walking on ice always runs the risk of slipping and falling." In addition to the fact that plaintiff was warned about the ice, and ice is a known and obvious risk, plaintiff had a choice in encountering the risk. Plaintiff testified in her deposition that there was ice everywhere and thus no alternate route; however, per company procedure, plaintiff should have called the site supervisor to say she couldn't complete her rounds and turned back. By admitting that she observed the ice and recognized the risk and chose not to take an alternate path, Plaintiff assumed the risk of injury, *Seewagen v. Vanderkluet*, 338 Pa. Super. 534, 543 (1985).[5]

Furthermore, plaintiff's status as an independent contractor relieved defendants of a duty to warn. Despite the fact that defendants had no duty to warn plaintiff of the obvious danger presented by the ice, plaintiff was in fact warned of the ice by her coworker at the start of her shift. The court in *Fortune v. Hamilton* described the duties owed to an independent contractor as follows:

[A] possessor has no obligation to warn an independent contractor of dangers that would be at least as obvious

4. 443 Pa. Super. 532, 537, 662 A.2d 1089, 1091 (1995)
5. The court in *Seewagen* concluded that assumption of the risk remains a viable defense in Pennsylvania.

to the contractor as the owner. *Gutteridge v. A.P. Green Services*, 2002 Pa. Super. 198, 804 A.2d 643, 657 (2002), citing *Colloi v. Philadelphia Electric Co.*, 481 A.2d 616, 620 (1984). Pennsylvania courts have synthesized these principles to explain, 'The question of whether a landowner owes a duty to warn an independent contractor of dangerous conditions on the premises turns on whether the owner possesses 'superior knowledge' or information which places him in a better position to appreciate the risk posed to the contractor or his employees by the dangerous conditions.' *Gutteridge*, 804 A.2d at 657-658, citing *Colloi*, 481 A.2d at 620.

*Fortune v. Hamilton*, 81 Pa. D.&.C 4th 401, 406-407 (2007).

As the risk posed by ice is obvious, neither defendant possessed superior knowledge placing them in a better position to appreciate the risk posed by the ice.

Therefore, because defendants had no duty to warn plaintiff of a risk which was both known and obvious, plaintiff had alternate routes available to her, and company procedure required her avoid the ice, plaintiff has no right to recover from defendants for her injuries.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that its decision to grant defendants Parkway Corporation and University City Science Center's motions for summary judgment be affirmed.