# Brown v. Seyler

*David L. Lutz,* for plaintiff.
*Joseph P. Green,* for defendant.

KISTLER, *J.,* April 20, 2007—Presently before this court is the motion for new trial limited to the issue of plaintiff's non-economic damages filed by Peggy Brown (plaintiff) on November 13, 2006. For the reasons that follow, plaintiff's motion for new trial is denied.

## BACKGROUND

Plaintiff sustained injuries, most notably in her lower back, after her car collided with defendant's car on September 26, 2002. Because defendant admitted he acted negligently in the operation of his vehicle, the jury trial was held strictly on the issue of damages on November 8, 2006. After deliberations, the jury awarded plaintiff $2,800 for uncompensated medical bills and $300 for pain and suffering.

## DISCUSSION

Plaintiff contends that she is entitled to a new trial based on the jury's inadequate verdict with regard to her claim of non-economic damages (a.k.a. pain and suffering). She asserts that the $300 award is contrary to the weight of the evidence and "shocks the conscience."

"The decision whether to grant a new trial is within the sound discretion of the trial court." *Carroll v. Kephart,* 717 A.2d 554, 559 (Pa. Super. 1998). "[A] new trial should be granted only in truly extraordinary circumstances, *i.e.,* 'when the jury's verdict is *so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be*

*given another opportunity to prevail.'"* *Armbruster v. Horowitz,* 572 Pa. 1, 9-10, 813 A.2d 698, 703 (2002), citing *Commonwealth v. Brown,* 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994), quoting *Thompson v. City of Philadelphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985). (emphasis original) "It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by the witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's." *Carroll,* 717 A.2d at 559, quoting *Kiser v. Schulte,* 538 Pa. 219, 225, 648 A.2d 1, 4 (1994). "Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more." *Id.,* quoting *Nudelman v. Gilbride,* 436 Pa. Super. 44, 50, 647 A.2d 233, 236 (1994).

Here, a number of witnesses, including doctors, family members and friends, testified to the intense pain plaintiff has suffered since the car collision. However, to rebut this testimony, defendant elicited from plaintiff prior incidents of hospitalization, which she denied in her deposition, and also testimony that she was riding dirt bikes for sport within months of the accident.

It was certainly within the province of the jury to weigh the aforementioned testimony, and by doing so, the jury figured the amount of pain suffered by plaintiff was limited to $300. Although a seemingly minimal amount to plaintiff, the court will not disturb this award "merely on account of the smallness."

Finally, in plaintiff's brief, she relies on *Burnhauser v. Bumberger,* 745 A.2d 1256 (Pa. Super. 2000); *Marsh*

*v. Hanley,* 856 A.2d 138 (Pa. Super, 2004); and *Womack v. Crowley,* 877 A.2d 1279 (Pa. Super. 2005), to support her contention that she received an inadequate verdict. After review of these cases, it is clear that the verdicts were later found inadequate and inconsistent because the jury awarded the full amount of damages for uncompensated medical expenses, but zero damages for pain and suffering. The instant case is distinguishable to the extent that plaintiff was awarded *some* damages for pain and suffering.

As such, a new trial is not warranted in this case. The jury verdict was neither against the weight of the evidence nor did it shock the conscience of this court.

## ORDER

And now, April 20, 2007, plaintiff's motion for new trial limited to the issue of plaintiff's non-economic damages is hereby denied.