J-A11044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STANLEY ALEXANDER RIDDIC | : | |
| | : | |
| Appellant | : | No. 1214 MDA 2017 |

Appeal from the Judgment of Sentence June 27, 2017
in the Court of Common Pleas of York County
Criminal Division at No.:  CP-67-CR-0006792-2015

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 27, 2018**

Appellant, Stanley Alexander Riddic,[1] appeals from the judgment of sentence imposed following his jury conviction of (1) robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii); (2) theft by unlawful taking−moveable property, 18 Pa.C.S.A. § 3921(a); (3) receiving stolen property, 18 Pa.C.S.A. § 3925(a); (4) criminal conspiracy (robbery), 18 Pa.C.S.A. § 903(a)(1), 18 Pa.C.S.A. § 3701(a)(1)(ii); and (5) robbery, financial institution, 18 Pa.C.S.A. § 3701(a)(1)(vi).  Appellant challenges the weight of the evidence and the trial court's decision not to grant a last-minute request for postponement of trial.  We affirm.

---

[1] Appellant's name is also spelled "Riddick" in the record.

---

*   Retired Senior Judge assigned to the Superior Court.

We derive the facts of the case from our independent review of the record, and the Rule 1925(a) opinion of the trial court. (**See** Trial Court Opinion, 10/30/17, at 2-22).

On September 15, 2015, around 1:23 p.m., York Area Regional Police responded to a radio dispatch of an armed bank robbery. Corporal Ray Krzywulak arrived first on the scene, in less than a minute. He observed a silver Chevrolet Impala with Maryland tags near an intersection by the bank.

The corporal saw the driver talking with another person in the vehicle, even though no one else could be seen. Corporal Krzywulak activated his flashing lights. The driver of the Impala responded by attempting evasive action. In a few minutes, backup arrived. Corporal Krzywulak, Detective Donald Hopple, Jr., and Sergeant Peter Montgomery blocked the Impala, bringing it to a stop. Appellant was found crouching between the front seat and the back seat. Another co-defendant was crouched in the front passenger seat area. Appellant asked the police how they were able to apprehend them. He also asked the police to apologize to the bank tellers.[2] The police took all three men into custody. It turned out that the vehicle was rented in Maryland under Appellant's name.

_____

[2] Appellant later denied these inculpatory statements in court, although he again apologized to the bank employees, while at the same time continuing to deny responsibility for the robbery. (**See e.g.**, N.T. Sentence, 6/27/17, at 15).

- 2 -

The police later identified the driver/lookout as Derek Lozzi. The other two suspects were identified as Dennis Harris (found in the front seat) and Appellant, Stanley Riddic, (found between the front seat and the back seat). In a search of the surrounding area, police found a plastic bag near the bank with money stained by an exploding dye pack. The suspects' clothing was stained with indelible ink from the dye pack. The bank employees who were robbed identified the robbers by general body shapes, complexion and clothing.[3] Their identifications were corroborated by video surveillance tape and still photographs from the video.

Lozzi, the lookout/would-be getaway driver, entered a guilty plea. The other two defendants were to be tried together. However, on the day before trial, Harris twice complained of chest pains, even though medical personnel found nothing on examination. Appellant repeatedly asked for a continuance, claiming he was about to hire private counsel. Appellant had already rejected three court-appointed counsel. The trial court declined to postpone the trial.

On the day of trial, Appellant failed to appear. It eventually developed that Appellant had gone to an emergency room in a Maryland hospital, complaining that he had been in a motor vehicle accident the night before. He was tried *in absentia*. The jury convicted both Appellant and Harris of all charges.

---

[3] Both bank robbers wore nylon stocking masks during the robbery.

On June 27, 2017, the trial court sentenced Appellant to an aggregate term of not less than seven nor more than fourteen years of incarceration in a state correctional institution. Appellant filed a post-sentence motion challenging, among other claims, the weight of the evidence, which the trial court denied. This timely appeal followed.[4]

Appellant raises two questions on appeal:

> I. Whether the verdicts of guilty of two counts of robbery, theft by unlawful taking, receiving stolen property, and conspiracy were against the weight of the evidence presented at trial by the Commonwealth?

> II. Whether the court erred in denying Appellant's motion for continuance when Appellant was unable to appear for trial due to being involved in an automobile accident and having to be admitted to the hospital?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the weight of the evidence. (*See id.* at 8-11). He alleges discrepancies in the details of the two bank tellers' identifications. Appellant seeks a new trial. (*See id.* at 16). Appellant's claim does not merit relief.

> Our standard of review of a weight of the evidence claim is for an abuse of discretion. Appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Indeed, it is oft-stated that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

\* \* \*

_____

[4] Then-counsel filed a statement of errors on August 29, 2017.

[I]t is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

**Commonwealth v. Ratushny**, 17 A.3d 1269, 1272 (Pa. Super. 2011) (citations, internal quotation marks and other punctuation omitted).

"[A] defendant raising a weight claim seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." **Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S. Ct. 1792 (2014) (citations and internal quotation marks omitted omitted).

The abuse of discretion required in such a determination is one "when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Nudelman v. Gilbride**, 647 A.2d 233, 237 (Pa. Super. 1994) (quoting **Lupi v. Keenan**, 151 A.2d 447, 452 (Pa. 1959) (Musmanno, J., dissenting)).

In this case, it was the province of the jury sitting as factfinder to weigh the evidence presented, and accept all, part, or none of it. **See Commonwealth v. Quel**, 27 A.3d 1033, 1038 (Pa. Super. 2011). The evidence presented to the jury included not only the eyewitness identifications of the bank employees, but also the video surveillance tape, photographs,

matching clothing found in the rental car, receipts confirming that Appellant was the renter of the car, and dye stains on the suspects' clothing from the exploding dye pack. Appellant denied responsibility, but asked the police to apologize to the bank tellers for him. He twice asked the arresting police how they caught him.

The trial court found nothing in the jury's verdict to shock its sense of justice. (*See* Trial Ct. Op., at 8-9). The court noted that the evidence presented by the Commonwealth was "straightforward," compelling," and "overwhelming." (*Id.*). On independent review, we discern no basis in the record to disturb the trial court's conclusion. Appellant's first claim fails.

In his second claim, Appellant challenges the trial court's denial of a motion for continuance on the day of trial. (*See* Appellant's Brief, at 11-14). He asserts he was in a hospital being treated for injuries suffered in an auto accident which had occurred the night before. He maintains that the trial court's refusal to postpone trial (after two years of delay) should be "overruled" and he should be awarded a new trial. (*Id.* at 16). We disagree.

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa. 2014) (citations and internal quotation marks omitted).

Here, the trial court found that Appellant's absence on the first day of trial, based on his claim that he had been involved in an auto accident **on the previous evening**, was "deliberate and self-serving." (Trial Ct. Op., at 22). On the previous day, when trial was originally set to begin, Appellant had made at least five unsuccessful requests for postponement, on the claim that he had found a private attorney in Harrisburg who was willing to represent him (provided he pay $6,000) and file various motions his appointed counsel had already declined to file on the grounds they had no merit. (*See* N.T. Trial, 5/15/17, *passim*).[5]

Appellant did visit an emergency room, but there was no support for his generalized claim that he was "admitted" to the hospital, let alone that he required a hospital stay. Apparently, he was treated in the emergency room and discharged. We defer to the trial court's factual assessment that Appellant was merely attempting to delay the start of trial by engineering his absence.

Judgment of sentence affirmed.

_____

[5] Appellant had already rejected three appointed counsel, who would not file the motions Appellant demanded. (*See* N. T. Trial 5/15/17, at 9). Appellant claimed he had just got a $250 a week job through family, but conceded that counsel would not file any motions until he received an initial payment of $3,000. Obviously, any motion filed on the first day of trial would already be too late.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2018